IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**MONTRA OWEN,**

            **Petitioner,**

v.                                                                        **Criminal No. 2:03-cr-197-1**

**UNITED STATES OF AMERICA,**

            **Respondent.**

*MEMORANDUM OPINION AND ORDER*

Before the Court is Montra Owen's ("Petitioner") First Motion for Reconsideration pursuant to the Federal Rules of Civil Procedure Rule 59(e). ECF No. 366. Petitioner seeks reconsideration of this Court's October 22, 2020 Order denying Petitioner's motion for compassionate release. ECF No. 363. This matter is now ripe for judicial determination. For the reasons below, Petitioner's motion is **GRANTED**.

**I. FACTUAL AND PROCEDURAL HISTORY**

Between December 2, 2002 and September 30, 2003, Petitioner and his co-defendants committed twenty-nine (29) armed robberies at various commercial establishments in Norfolk, Chesapeake, and Virginia Beach. ECF No. 201 at 6-21. According to the Presentencing report ("PSR"), Petitioner was the leader of a group of six co-conspirators where Petitioner usually selected the targets for the robberies, planned how each would be carried out, and usually personally brandished a firearm. *Id.* ¶ 37. On December 18, 2003, a federal grand jury returned a 61-count indictment charging Petitioner and his six co-defendants as a result of 29 armed commercial robberies and two car-jackings between December 2002 and September 2003. ECF No. 1. On March 18, 2004, Petitioner pleaded guilty to Counts 12, 16, and 57, charging interference

1

with commerce by robbery, in violation of 18 U.S.C. § 1951, and Counts 13, 17, and 58, charging brandishing, using, and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). *Id.* at 3-4. On June 14, 2004, the Court imposed a total sentence of 762 months imprisonment. ECF No. 103. On November 13, 2013, the Court reduced Petitioner's sentence to 420 months, including a reduced sentence of sixty (60) months on Count 13. ECF No. 173.[1] Petitioner's current projected release date is November 26, 2033 and he is currently incarcerated at FCI Coleman Low, a low-security federal prison located in Florida. ECF No.344. Petitioner has served approximately 56% of his 420 months sentence.

On July 29, 2020, Petitioner filed a motion for compassionate release. ECF No. 344. On August 6, 2020, Petitioner was granted leave to file an Addendum to his motion for compassionate release. ECF Nos. 347, 348. The Addendum was based on the disparity between Petitioner's pre-FIRST STEP Act sentence and the sentence he would have received under current law because of the Courts recent rulings regarding "stacked" § 924(c) convictions. *See United States v. Redd*, 2020 WL 1248493 (E.D. Va. March 16, 2020); *United States v. McCoy*, No. 2:03-CR-197, (E.D. Va. May 26, 2020), *aff'd*, No. 20-6821, 2020 WL 7050097 (4th Cir. Dec. 2, 2020); *United States v. Bellamy*, No. 2:03-CR-197 (E.D. Va. July 21, 2020).

On October 22, 2020, the Court denied Petitioner's Motion for compassionate release because he did not suffer from underlying health conditions that put him at risk if he contracted COVID-19. ECF No. 363. However, the Court did not consider Petitioner's sentence disparity argument. On November 6, 2020, Petitioner filed a motion for Reconsideration. ECF No. 366.

---

[1] The 420 month term consist of: sixty (60) months on Count 12; sixty (60) months on Count 16 to be served concurrently with Count 12; sixty (60) months on Count 57 to be served concurrently with Count 12; sixty (60) months on Count 13 to be served consecutively to Count 12; three hundred (300) months on Count 17 to be served consecutively to Count 13; and three hundred (300) months on Count 58 to be served concurrently with Count 17. ECF No. 173.

## II. LEGAL STANDARD

### A. Motions for Reconsideration

Although Rule 59(e) motions for reconsideration are disfavored, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") recognizes three limited grounds for a district court's grant of a motion under this rule: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993); *see also Pendergrass v. United States*, 2001 U.S. Dist. LEXIS 23933, at *1-2 (D.S.C. 2001). The Fourth Circuit has emphasized that mere disagreement with the court's ruling does not warrant a Rule 59(e) motion. *Hutchinson*, 994 F.2d at 1081 (citing *Atkins v. Marathon LeTorneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Rule 59(e) motions exist for the purpose of allowing "the court to reevaluate the basis for its decision." *Keyes v. Nat'l R.R. Passenger Corp.*, 766 F. Supp. 277, 280 (E.D. Pa. 1991). It is within sole discretion of district court as to whether granting of a motion to reconsider is appropriate. *United States v. Dickerson*, 971 F. Supp. 1023 (E.D. Va. 1997). The motion "cannot appropriately be granted," however, when the petitioner seeks only for the district court to "'rethink what the Court ha[s] already thought through—rightly or wrongly.'" *Id.* at 1024 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

### B. Compassionate Release

As amended by the Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act ("FIRST STEP Act"), a court may modify a term of imprisonment on the motion of the petitioner after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and

3

compelling reasons" was previously defined by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. § 1B1.13, Application Note 1. Before the passage of the FIRST STEP Act, the Sentencing Commission provided that a sentence may be modified due to the petitioner's medical condition, age, or family circumstances and further defined the limits under which a sentence reduction may be given under those justifications. U.S.S.G. § 1B1.13, n. 1 (A)–(C). The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n. 1 (D). Use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the BOP before an individual could petition the district court for relief. *Id.*

However, U.S.S.G. § 1B1.13 is now outdated following the passage of the FIRST STEP Act, which allows individuals to petition the district court directly without clearance from the BOP. As such, U.S.S.G. § 1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *McCoy v. United States*, 2020 WL 2738225, at *4 (E.D. Va. May 26, 2020); *see also United States v. Lisi*, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) ("[T]he Court may independently evaluate whether [petitioner] has raised an extraordinary and compelling reason for compassionate release ... [but § 1B1.13's policy statement] remain[s] as helpful guidance to courts...."); *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("[T]he Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive"). A petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). In sum, the Court may consider a combination of factors, including but not limited to

4

those listed in U.S.S.G. § 1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i).

### III. DISCUSSION

**A. Change in Controlling Law**

On May 26, 2020, the Court granted Thomas McCoy's, Petitioner's co-defendant, motion for reconsideration and for compassionate release and re-sentenced McCoy to a term of time served. *McCoy v. United States*, No. 2:03-CR-197, 2020 WL 2738225, at *6 (E.D. Va. May 26, 2020). The Court held that the FIRST STEP Act discontinued the former practice of "stacking" multiple convictions under 21 U.S.C. § 924(c)(1)(A) for firearms violations during a crime of violence before a prior conviction under the same subsection became final. *See* 21 U.S.C. § 924(c)(1)(C); *Id*. at *2 (requiring a prior conviction under § 924(c)(1)(A) to be final before a defendant may be sentenced to a mandatory minimum of 25 years for a subsequent violation). Moreover, the Court found that there is an inherent disparity between individuals sentenced pursuant to § 924(c)(1)(C) for multiple firearm offenses occurring within the same indictment prior to the passage of the FIRST STEP Act and individuals sentenced for multiple violations of § 924(c)(1)(A) in the same indictment after the enactment of the new law. Therefore, the Court found that because of McCoy's relative youth at the time of the sentence, the overall length of the sentence, the disparity between his sentence and those sentenced for similar crimes after the FIRST STEP Act, and his rehabilitative efforts form an extraordinary and compelling basis for relief; McCoy demonstrated extraordinary and compelling reasons to merit a sentence reduction for the multiple firearm offenses which were stacked. *Id.* at *6. The Court later applied the same reasoning to Michael J. Bellamy, another of Petitioner's co-defendant, to find that the stacking of defendant's possession-of-firearm convictions, his rehabilitative efforts, and his age at time of sentencing established

extraordinary and compelling reasons for a sentence reduction. *See Bellamy v. United States*, No. 2:03-CR-197, 2020 WL 4208446 (E.D. Va. July 22, 2020).

On December 2, 2020, the Fourth Circuit affirmed the Court's decision, as well as other similar court's holdings, to grant compassionate release to federal prisoners under the FIRST STEP Act for the same "stacking" offenses. *United States v. McCoy*, No. 20-6821, 2020 WL 7050097 (4th Cir. Dec. 2, 2020); *see also, United States v. Redd*, 2020 WL 1248493 (E.D. Va. March 16, 2020); *United States v. Arey*, No. 5:05-CR-00029, 2020 WL 2464796 (W.D. Va. May 13, 2020).

Therefore, the Court finds that there has been a change in the law that merits reconsideration of Petitioner's motion for compassionate release pursuant to the FIRST STEP Act.

**B. Petitioner's FIRST STEP Act Claim**

  **1. Consideration of the § 3553(a) Factors**

In considering a term of imprisonment, courts must comply with 18 U.S.C. § 3553(a), which enumerates several factors designed to create a sentence that is "sufficient but not greater than necessary." In this case, Petitioner pleaded guilty to Counts 13, 17, and 58, charging brandishing, using, and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). ECF No. 201 at 3-4. Petitioner's Criminal History Category was III and his Total Offense Level was 26, but his stacked gun convictions yielded a total mandatory term 684 months, 57 years, imprisonment for Counts 13, 17, and 58. In other words, the penalties for his three § 924(c) convictions, which were part of the same indictment, were "stacked." In total, Petitioner faced a mandatory minimum of twenty-five (25) years at his original sentencing based on the application of the statutory mandatory minimum for each Count 17 and 58. ECF No. 350 at ¶ 128. In all, Petitioner was sentenced to 762 months imprisonment, consisting of seventy-eight months served concurrently for each of counts 12, 16 and 84, eighty-four months for count 13, three hundred

months on count 17 and three hundred months on count 58 to be served consecutively. ECF No. 100. The practice of "stacking" enhanced § 924(c) charges for a first offense required "the District Court to tack on another twenty-five years in prison, even though that gun possession occurred during the same course of conduct as the original count." *United States v. Brown*, 411 F. Supp. 3d 446, 453 (E.D. Va. 2019). However, if he were sentenced today, Petitioner would be subjected to a mandatory minimum of 252 months, or 21 years, with a total *advisory* guidelines range of 78-97 months for Counts 17 and 58. *See United States v. Booker*, 543 U.S. 220 (2005) (holding the Sentencing Guidelines advisory, rather than mandatory). Later, in November 2013, the Court reduced Petitioner's sentence on Count 13 to 60 months but did not alter the sentences for Counts 17 and 58. ECF No. 173.

A reduction of Petitioner's sentences on Counts 17 and 58, to terms of 84 months each, consecutive, is consistent with the § 3553(a) factors, especially § 3553(a)(2)(A) ("the need for the sentence imposed…to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense") and § 3553(a)(6) ("the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct"); *see also United States v. Urkevich*, 2019 WL 6037391, at *2 (D. Neb. Nov. 14, 2019) (reducing three "stacked" firearm counts from 660 months to 180 months because the petitioner's former sentence was 40 years longer than the sentence he would have likely received under current law). Notably, two of Petitioner's codefendants were also granted compassionate release after pleading guilty to similar charges 16 years ago. *See McCoy*, 2020 WL 2728225, at *6; *Bellamy* 2020 WL 4208446.

In addition to the legal disparity between individuals sentenced before and after the elimination of the "stacking" provision and between Petitioner and his codefendants, Petitioner

7

has displayed a record of rehabilitation during his time in BOP custody. He was moved down to a low-security facility since he was sentenced 16 years ago, and he has had minimal disciplinary issues during his time in custody and has had no violent incidents. *See Jones v. United States*, 431 F. Supp. 3d 740, 753 (E.D. Va. Jan. 6, 2020) (granting a sentence reduction under § 3582(c)(1)(B) to a petitioner who had a few relatively minor institutional violations and was not a management problem). Remarkably, at the time of the instant Motion, Petitioner did not have any disciplinary infractions on record for the past six months. ECF No. 344 at Exhibits 2. Moreover, Petitioner has obtained multiple certifications, including The Alternatives to Violence Project, the Non-Residential Drug Abuse Program, Microsoft Office 2010 Suite, and Living Free. He also completed 20 hours of training for the following areas of study: CDL, Public Speaking, Macroeconomics, Financial Wealth Building I and II, Microeconomics, Spanish I, and African American History. Most recently Mr. Owen obtained his horticulture license in preparation for his release. *Id.* at Exhibits 1 and 2; *see also*, ECF No. 360. In a previous grant of compassionate release, Petitioner's codefendant was credited for similar positive indicators of his rehabilitation. *McCoy*, 2020 WL 2728225, at *3; see also, *Bellamy*, 2020 WL 4208446, at *3. Further, Petitioner's clear acceptance of responsibility, independent of the actions of his co-defendants and gives the Court optimism that he will fulfill the balance of the restitution order efficiently upon release.

An examination of Petitioner's presentence report reveals that his teenage years were troubled, marked by his dropping out of high school, abuse of drugs, and struggles to sustain gainful employment. ECF No. 350 at ¶¶ 105–114. Petitioner is clearly a different person at 39 years old than he was at his involvement in the instant offense at age 22. *See generally Miller v. Alabama*, 567 U.S. 460, 472 n. 5 (2012) (discussing "an ever-growing body of research in developmental psychology and neuroscience" supporting the United States Supreme Court's

juvenile sentencing jurisprudence). Petitioner was not a juvenile at the time of his offenses and principles of juvenile law certainly do not apply to his unjustifiable actions and the resulting sentence. However, he has demonstrated a reformed decision-making process during his term of incarceration, as evidenced by his steady payments toward fulfillment of restitution and sustained record of employment in prison. *Id.* at 472 (discussing "the prospect that as the years go by and neurological development occurs, his deficiencies will be reformed") (internal citations omitted). In sum, the structural disparity between § 924(c) defendants sentenced to stacked terms, as well as an individualized application of the § 3553(a) factors support a sentence reduction.

## C. Application of § 3582(c)(1)(A)(i)

After reviewing the relevant filings, the Court finds that Petitioner has demonstrated extraordinary and compelling reasons that merit a sentence reduction on Counts 17 and 58. A petitioner seeking compassionate release may offer a combination of factors to establish extraordinary and compelling reasons for a sentence reduction, including relative youth at the time of the sentence, "the incredible length of the mandatory sentence imposed," and the disparity between individuals sentenced before and after the passage of the FIRST STEP Act, in combination with one another and other factors.

The sentence imposed on Petitioner for his stacked § 924(c) convictions was lawful and mandatory when they were imposed, though the totality of the penalty was "far greater than was necessary to achieve the ends of justice." *McCoy*, 2020 WL 2728225, at *5; *Brown*, 411 F. Supp. 3d at 453; *see also Deal v. United States*, 508 U.S. 129 (1993) (affirming the former practice of "stacking" multiple § 924(c) convictions within the same indictment to impose the recidivist enhancement within § 924(c)(1)(C)(i)). Here, Petitioner was a young man, age 22, with a nonviolent criminal history at the time of his offenses, making the application of such harsh

9

penalties designed for violent, recidivist offenders even more inappropriate. ECF No. 350 at ¶¶ 72-78 (listing a series of driving offenses, theft, disorderly conduct, and failure to appear as the only relevant criminal history). Further, the Court must consider the application of mandatory minimums that are actually relevant, as well as the discretion afforded by § 3582(c)(1)(A), which includes scrutiny of the overall sentence length demanded by those mandatory minimums. Today, Petitioner would likely be subjected to less than half of the mandatory term that was imposed in his original sentence. A disparity of over 300 months between Petitioner's stacked sentence and a similarly situated defendant whose mandatory minimum sentences are not stacked creates a disparity concerning the § 3553(a) factors, which require just punishment for the relevant offenses. *See* § 3553(a)(2)(A). Accordingly, the Court must consider this factor in examining whether Petitioner's request for relief, though it is not dispositive.

Finally, Petitioner's rehabilitative efforts assist in forming an extraordinary and compelling basis for relief. *See supra* III.B (listing Petitioner's rehabilitative efforts). The Court is further persuaded that Petitioner is no longer a danger to the community, as advised by U.S.S.G. § 1B1.13(2). *See* § 3553(a)(2)(C) (listing "to protect the public from further crimes of the defendant" as a sentencing factor). Upon release, Petitioner has strong incentives to continue working toward full payment of restitution and the job skills to accomplish this objective as a landscaping business-owner. Moreover, Petitioner has a workable release plan, a job upon release, and family support. *See* ECF No. 347 at Exhibit 1; ECF No. 344.

Petitioner was sentenced at just 22 years old to a mandatory 762-month term, 684 of which were due to the three "stacked" crimes for which he would face an advisory guidelines range of 234-252 months (78-84 months per crime) if sentenced today. Notably, the Court reduced Petitioner's sentence to 420 months, which included a reduction on Count 13 to 60 months. ECF

10

No. 173. While none of the foregoing factors can independently support a sentence reduction, in combination, Petitioner has established extraordinary and compelling reasons for a sentence reduction in the aggregate. Specifically, Petitioner's relative youth at the time of the sentence, the overall length of the sentence, the disparity between his sentence and those sentenced for similar crimes after the FIRST STEP Act (notably his co-defendants), and his rehabilitative efforts form an extraordinary and compelling basis for relief. Accordingly, the Court will reduce Petitioner's sentence on Counts 17 and 58 to consecutive terms of 84 months, to be served consecutively to Count 13 (60 months), and concurrently with 60 months for each of counts 12, 16 and 84. Petitioner's total sentence is reduced to a cumulative term of 228 months. Petitioner has served 16.5 years in BOP.

## IV. CONCLUSION

Based on the foregoing, Petitioner's motion is **GRANTED**. The Court now imposes a total sentence of **TIME SERVED**. Upon final release from the Bureau of Prisons, the Defendant shall serve a term of **supervised release as ordered in his criminal judgment.** The Bureau of Prisons shall release the Defendant within fourteen (14) days of the date of this Order.

The Clerk is **DIRECTED** to send a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED.**

Norfolk, Virginia
December 17, 2020

11